UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZHONGLE CHEN, on behalf of himself and on behalf of others similarly situated,

                      Plaintiff,

- against -

KICHO CORPORATION d/b/a Kicho Japanese Fusion, LIAN HUA CORP. d/b/a Kicho Japanese Fusion, and JIN CHUN CHEN,

                      Defendants.

18 CV 7413 (PMH) (LMS)

**ORDER**

**THE HONORABLE LISA MARGARET SMITH, U.S.M.J.[1]**

On April 28, 2020, the undersigned issued an order to show cause directing Defendants and Plaintiff, or their counsel, to submit any opposition in writing explaining to the Court why it should not discharge Defendants' counsel, Mr. William Zou, from representing Defendants Kicho Corporation d/b/a Kicho Japanese Fusion ("Kicho Corp.") and Jin Chun Chen. Docket No. 99, Order to Show Cause. On May 15, 2020, Plaintiff's counsel filed its opposition to Defense counsel's request to be relieved. Docket No. 101, Response to Order. Defense counsel seeks to withdraw as counsel for Defendants Kicho Corp. and Jin Chun Chen on the grounds that Defendants have failed to "communicate and cooperate" with counsel, including failing to follow counsel's instructions, and have failed to pay counsel's legal fees. Docket No. 97-1, Decl. of William X. Zou ¶ 3. Plaintiff primarily argues that Defense counsel's motion to withdraw is a dilatory tactic that will produce undue delay and that Plaintiff, and potential opt-in plaintiffs,

---

[1] On February 14, 2019, the Honorable Nelson S. Román referred this matter to the undersigned for general pre-trial supervision, including resolution of non-dispositive pre-trial motions. Docket No. 14, Order of Reference. On April 3, 2020, this case was reassigned to the Hononrable Philip M. Halpern. Notice of Case Reassignment on 04/03/2020.

would be prejudiced by Defense counsel's withdrawal.  Id.  Defendants did not file an opposition to Defendants' counsel's request, and Defense counsel indicated in his declaration that Defendants have already discharged him and consent to his seeking to formally withdraw.  Docket No. 97-1 ¶ 4.

> Local Civil Rule 1.4, which governs the withdrawal of counsel, states:
>
> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order.  Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.  All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

When determining whether to grant an attorney's request to withdraw as counsel, the Court examines two factors: (1) the reason for the withdrawal and (2) the "impact of the withdrawal on the timing of the proceedings."  BWP Media USA Inc., v. Rant Inc., No. 17 Civ. 5079 (NSR), 2018 WL 4300530, *2 (S.D.N.Y. Sept. 10, 2018) (quoting Blue Angel Films, Ltd. v. First Look Studios, Inc., No. 08 Civ. 6469 (DAB)(JCF), 2011 WL 672245, *1 (S.D.N.Y. Feb. 17, 2011)).  The district court has "considerable discretion" to decide whether to grant a motion for withdrawal of counsel.  See Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999).

Looking at the first factor, the Court is unpersuaded by Plaintiff's counsel's argument that this motion to withdraw is a dilatory tactic.  Plaintiff's only evidence of a dilatory motive are the delays that have already occurred in this case and the timing of this motion with Defendants' obligation to produce contact information for potential opt-in plaintiffs.  Docket No. 101-1, Pl. Memo. of Law at 6-7.  However, Defendant is not exclusively responsible for the prior delays in this case; Plaintiff bears its fair share of responsibility.  As to the timing of this motion and Defendants' production obligation, Defense counsel first informed the Court that he had not been

paid several months before the Court ordered Defendants' production.  At the April 17, 2020, status conference, Defense counsel stated that he had not been able to communicate with his client in two months, supporting the claim that counsel had difficulty communicating with Defendants before the Court ordered production.  Plaintiff's allegation of an improper motive is not supported by the evidence before the Court.  "Courts in this District have routinely found a client's failure to communicate with counsel, as well as nonpayment of legal fees, both 'satisfactory' reasons for withdrawal."  BWP Media, 2018 WL 4300530 at *2 (collecting cases)).  On that basis, this Court finds that Defense counsel presented satisfactory reasons for withdrawal.

As to Plaintiff's prejudice argument, which seems to address the second factor, Plaintiff has cited cases that contradict Plaintiff's position.  For example, Blue Angel Films, is cited in support of the proposition that prejudice is likely to be found if discovery is not yet complete and the case is not on the verge of trial, but that case and many others found that outstanding discovery and lack of trial readiness support granting a motion to withdraw.  See, e.g., Blue Angel Films, 2011 WL 672245 at *2; Brown v. National Survival Games, Inc., No. 91 Civ. 221, 1994 WL 660533, *3 (N.D.N.Y. Nov. 18, 1994) ("[A]lthough the parties have already commenced discovery, it is not complete and the case is not presently scheduled for trial.  Thus, granting the motion will not likely cause undue delay.") (quoted in part by Plaintiff in its memorandum of law); Taub v. Arrayit Corp., No. 15 Civ. 1366 (ALC)(JLC), 2016 WL 4146675, *2 (S.D.N.Y. Aug. 4, 2016) ("However '[w]here, as here, discovery has not yet closed and the matter is not trial-ready, withdrawal of counsel is unlikely to cause undue prejudice.'"); Winkfield v. Kirschenbaum & Phillips, P.C., No. 12 Civ. 7424 (JMF), 2013 WL 371673, *1 (S.D.N.Y. Jan. 29, 2013) ("Where discovery has not yet closed and the case is not 'on the verge

of trial readiness,' prejudice is unlikely to be found."). This case is still early in the discovery process and far from being on the verge of trial. Moreover, any delay in this case "is caused not by defen[se] counsel's moving to withdraw, but simply by the defendant's failure to communicate with its attorneys," in addition to Defendants' failure to pay counsel's legal fees. BWP Media, 2018 WL 4300530 at *2 (quoting Blue Angel Films, 2011 WL 672245 at *2). The Court finds that the attendant delay is not so great as to warrant denying Defense counsel's request to withdraw.

Based on Defense counsel's representation that he has been unable to communicate with Defendant Jin Chun Chen, an individual Defendant and principal of Defendant Kicho Corp., and that his clients have failed to pay counsel's legal fees, Defense counsel's request to be relieved as counsel for Defendant Jin Chun Chen and Defendant Kicho Corp. is **GRANTED**. Defendants are directed to obtain new counsel **within 30 days**. If Defendants fail to have new counsel file a notice of appearance within 30 days of the date of this order, the Court will entertain a motion for default against Defendants. If the individual Defendant intends to represent himself, he must submit his mailing address, telephone number, and email address to the Court **within 30 days**. The Court reminds Defendants that a corporation may not be represented by an individual who is not an attorney. See Hounddog Productions, LLC v. Empire Film Grp., Inc., 767 F. Supp. 2d 480, 486 (S.D.N.Y. 2011) ("It is well settled that corporations can only appear in court through an attorney, and may not proceed pro se") (alteration in original). Outgoing Defense counsel shall provide prompt notice of this Order to Defendants Jin Chun Chen and Kicho Corp. This Order applies in equal measure to Defendant Lian Hua Corp., d/b/a Kicho Japanese Fusion ("Lian Hua Corp."), and a copy of this Order has been mailed by chambers to Defendant Lian

4

Hua Corp. by way of the Office of the Secretary of State of the State of New York.[2] Such mailing shall be deemed good and sufficient service upon Defendant Lian Hua Corp. The Clerk of Court is respectfully directed to terminate the motion at Docket No. 96 which was marked as a filing error.

Dated:  June 24, 2020
         White Plains, New York

**SO ORDERED,**

_____
Hon. Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

---

[2] Defendant Lian Hua Corp. has not appeared in this action.  Plaintiff amended its complaint to add Defendant Lian Hua Corp. on January 23, 2020.  Docket No. 78, Second Amended Complaint.  On February 5, 2020, Plaintiff's counsel filed a proof of service indicating that it served Defendant Lian Hua Corp. with a copy of the Second Amend Complaint on January 30, 2020, by leaving a copy with Sue Zouky, an authorized agent at the office of the Secretary of State of the State of New York.  Docket No. 86, Summons Returned Executed.