```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ZHONGLE CHEN,
  on his own behalf and on behalf of others
  similarly situated,
                                                                          ORDER
                              Plaintiff,
v.                                                                        18-CV-07413 (PMH)

KICHO CORPORATION d/b/a Kicho
Japanese Fusion, et al.,

                              Defendants.
-----------------------------------------------------------X
```

PHILIP M. HALPERN, United States District Judge:

Plaintiff Zhongle Chen ("Plaintiff"), on behalf of himself and others similarly situated, brings this action alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against Defendants Kicho Corporation ("Kicho Corp.") doing business as Kicho Japanese Fusion, Lian Hua Corp. ("Lian Corp.") doing business as Kicho Japanese Fusion (together, the "Corporate Defendants"), and Jin Chun Chen ("the Individual Defendant" and collectively, "Defendants"). (Doc. 78 ¶ 1). As to the FLSA, Plaintiff alleges that he and all others similarly situated were not paid overtime wages for any hours worked over 40 hours in a workweek, and therefore they are entitled to recover from Defendants unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs. (*Id.* ¶ 3).

On June 25, 2020, Magistrate Judge Smith granted Defendants' counsel's request to withdraw and ordered that Defendants obtain new counsel within thirty days. (Doc. 103). On September 16, 2020, Magistrate Judge Smith granted Plaintiff permission to make a motion for default judgment against the Corporate Defendants, noting that she had warned the Corporate Defendants in prior Orders that corporations may not proceed without the assistance of an attorney.

(Doc. 109). By letter dated September 22, 2020, the Individual Defendant advised the Court that he intended to proceed *pro se* in this case. (Doc. 111). No notice of appearance was filed on behalf of the Corporate Defendants.

After obtaining Certificates of Default from the Clerk of Court (Docs. 115, 116), Plaintiff moved by Order to Show Cause for the entry of default judgment against the Corporate Defendants, as well as an award of attorneys' fees and costs. (Docs. 117-124). On October 26, 2020, this Court issued an Order to Show Cause and directed service upon the Corporate Defendants. (Doc. 125). On November 10, 2020, Lian Corp. filed a letter seeking an extension of time to obtain counsel (Doc. 132); the Court extended the Corporate Defendants' time to respond to the Order to Show Cause to December 11, 2020, marked peremptorily against them (Doc. 133).

As of today, no notice of appearance has been filed on behalf of any Defendant, and no response to the Order to Show Cause has been filed. Therefore, the Court has before it an unopposed motion for a default judgment pending against two non-appearing parties, while one party, the Individual Defendant, is actively litigating.

"As a general rule, . . . when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE CIVIL 3d § 2690 (citing *Frow v. De La Vega*, 15 Wall. (82 U.S.) 552, 554 (1872)); *see also Badalamenti v. Country Imported Car Corp.*, No. 10-CV-4993, 2012 WL 601481, at *2 (E.D.N.Y. Feb. 22, 2012) ("[w]hen there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some . . . default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved.") (citation

omitted); *Lemache v. Tunnel Taxi Mgmt., LLC*, 354 F. Supp. 3d 149, 155 (E.D.N.Y. 2019) ("The possibility of inconsistent damages calculations leads courts in FLSA cases to refrain from issuing interim decisions when not all parties have defaulted.").

"Under the FLSA, a corporate officer who is considered an 'employer' pursuant to its provisions is jointly and severally liable along with the corporation for a failure to pay wages properly." *Ahn v. Inkwell Publ. Sols., Inc.*, No. 10-CV-8726, 2012 WL 1059679, at *1 (S.D.N.Y. Mar. 29, 2012) (citing *Moon v. Kwon*, 248 F. Supp. 2d 201, 237 (S.D.N.Y. 2002)). In this case, the appearing Individual Defendant could be found to be an employer along with the Corporate Defendants and, as a consequence, would be jointly and severally liable for violations of the FLSA and NYLL, militating against the entry of a default judgment against fewer than all Defendants. *Ahn*, 2012 WL 1059679, at *2. Moreover, no discernable prejudice accrues to Plaintiff, as resolving liability against the defaulting Corporate Defendants does not assist him in litigating the case against the appearing Individual Defendant. He would still have to prove that the Individual Defendant himself violated the FLSA. *See Lemache*, 354 F. Supp. 3d at 155.

Indeed, Plaintiff appears to agree that entry of default judgment should await resolution of the entire action. (Doc. 118 ¶¶ 21-23).[1] Accordingly, the Court adheres to the general rule governing defaults, which advises that courts abstain from entering a judgment against a defaulting defendant when that party is one of several defendants who may be jointly liable, until the action has been adjudicated with regard to all defendants. For these reasons, the motion for default judgment is DENIED without prejudice to renewal upon resolution of the case against the

---

[1] The Court notes Plaintiff's reference to "the appearing Defendants JONATHAN HO, NA SUN, and CHENWEN HO." (Doc. 118 ¶ 21). No such defendants have been named in this action; the Court presumes this was a typographical error, and that Plaintiff meant to refer to the appearing Individual Defendant Jin Chun Chen.

Individual Defendant. For the same reasons, Plaintiff's separate motion for attorneys' fees and costs (Doc. 121) is DENIED without prejudice to renewal upon resolution of this action.

The Court notes that on April 2, 2020, Plaintiff submitted a revised form of the notice of pendency and consent to join lawsuit to Magistrate Judge Smith for approval. (Doc. 98). On September 29, 2020, Magistrate Judge Smith noted her imminent retirement and, due to the uncertainty in whether Defendants would secure counsel, denied Plaintiff's request without prejudice to renew. (Doc. 110). In light of the Court's determination herein, Plaintiff is directed, if he be so advised, to renew such application before Magistrate Judge Krause who has been redesignated and reassigned to this case. In any event, by January 11, 2020, the parties shall file a letter to schedule a status conference with Magistrate Judge Krause.

The Clerk of Court is respectfully directed to terminate the pending motion (Doc. 121). The Clerk of Court is further requested to mail a copy of this Order to Defendants at 352 Bedford Road, Bedford Hills, New York 10507.

**SO ORDERED:**

Dated: New York, New York
December 30, 2020

_____
Philip M. Halpern
United States District Judge